**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

JEREMY SANTIAGO,

                              Plaintiff,

    v.                                                      No. 11-CV-567
                                                        (GTS/DRH)

K. HOLDEN,

                              Defendant.

---

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| JEREMY SANTIAGO<br>Plaintiff Pro Se<br>10-A-5690<br>Great Meadow Correctional Facility<br>Post Office Box 51<br>Comstock, New York 12821 | |
| HON. ERIC T. SCHNEIDERMAN<br>Attorney General for the<br>   State of New York<br>Attorney for Defendant<br>The Capitol<br>Albany, New York 12224-0341 | KRISTA A. ROCK, ESQ.<br>Assistant Attorney General |

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

    Plaintiff pro se Jeremy Santiago ("Santiago"), an inmate in the custody of the New York State Department of Correctional and Community Supervision ("DOCCS"), brings this action pursuant to 42 U.S.C. § 1983 alleging that defendant K. Holden ("Holden"), a corrections officer employed by DOCCS, violated his constitutional rights under the First, Eighth and Fourteenth Amendments. Compl. (Dkt. No. 1). Presently pending is Holden's motion for

---

    [1]This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

summary judgment pursuant to Fed. R. Civ. P. 56.  Dkt. No. 9.  Santiago opposes the motion.  Dkt. No. 12.  Also pending is Santiago's motion to amend his complaint.  Dkt. No. 14.  For the following reasons, it is (1) ordered that Santiago's motion to amend the complaint be denied, and (2) Holden's motion for summary judgment be granted.

### I. Background

The facts are related in the light most favorable to Santiago as the non-moving party.  See Ertman v. United States, 165 F.3d 204, 206 (2d Cir.1999).

Santiago contends that he has suffered "(1) a violation of [his] constitutional rights, (2) emotional distress, (3) cruel and unusual punishment, (4) pain and suffering [and] (5) den[ial of his] religious practice."  Compl. ¶ IV.  While the specifics are unclear, it appears that after Santiago went before the Inmate Grievance Committee,[2] presumably sometime prior to April 16, 2011 when the current complaint was filed.  Id. ¶ IV.  In retaliation for that grievance, Holden issued Santiago a misbehavior report.  Id. ¶ IV(A).  Santiago contends that he did not engage in any of the proscribed conduct alleged in the misbehavior report.  Id. ¶ V.  Santiago identifies himself as a Muslim.  Id.

"When an inmate appeals a grievance to CORC, DOCCS Directive[s] . . . . stipulate[] that it is Department policy to maintain grievance files for the current year and the previous four calendar years."  Hale Aff. (Dkt. No. 9-2) ¶ 7.  Santiago's complaints that he received a

---

[2]"The IGP [Inmate Grievance Program] is a three-step process that requires an inmate to: (1) file a grievance with the IGRC [Inmate Grievance Resolution Committee]; (2) appeal to the superintendent within four working days of receiving the IGRC's written response, and (3) appeal to the CORC [Central Office Review Committee] . . . ."  Abney v. McGinnis, 380 F.3d 663, 668 (2d Cir.2004) (internal citations omitted).

false retaliatory misbehavior report and that his right to practice his religion was infringed, are all issues which require review by the IGP. Id. ¶¶ 8-9. DOCCS also has an expedited procedure to review grievances, though the ultimate appeal is still to the CORC. Id. ¶¶ 9-10. Santagio's grievances were denied at the facility level, but were never appealed to, and thus never addressed by, CORC. Id. ¶¶ 10-12; see also Dkt. No. 9-3.

Santiago's opposition to Holden's motion indicates that the Constitution provides an inmate with various rights, including the free exercise of religion. Dkt. No. 12. However, there are no additional factual allegations contained within the opposition. Id. Additionally, Santiago filed an amended complaint, which states identical facts and purported causes of action as his initial complaint. Dkt. No. 14. It too lacks any additional factual allegations. Id.

## II. Discussion

Santiago contends that his constitutional rights were violated, though the exact reasons why are unclear. Holden moves for dismissal because (1) Santiago has failed to exhaust his administrative remedies, (2) there are no merits to Santiago's constitutional claim, and (3) Holden is entitled to both Eleventh Amendment and qualified immunity.

### A. Legal Standard

A motion for summary judgment may be granted if there is no genuine issue as to any material fact if supported by affidavits or other suitable evidence and the moving party is entitled to judgment as a matter of law. The moving party has the burden to show the

absence of disputed material facts by informing the court of portions of pleadings, depositions, and affidavits which support the motion. Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Facts are material if they may affect the outcome of the case as determined by substantive law. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). All ambiguities are resolved and all reasonable inferences are drawn in favor of the non-moving party. Skubel v. Fuoroli, 113 F.3d 330, 334 (2d Cir. 1997).

The party opposing the motion must set forth facts showing that there is a genuine issue for trial. The non-moving party must do more than merely show that there is some doubt or speculation as to the true nature of the facts. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). It must be apparent that no rational finder of fact could find in favor of the non-moving party for a court to grant a motion for summary judgment. Gallo v. Prudential Residential Servs. 22 F.3d 1219, 1223-24 (2d Cir. 1994); Graham v. Lewinski, 848 F.2d 342, 344 (2d Cir. 1988).

When, as here, a party seeks summary judgment against a pro se litigant, a court must afford the non-movant special solicitude. Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006). However, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. Anderson, 477 U.S. at 247-48.

### B. Failure to Exhaust

Under 42 U.S.C. § 1997e(a), an inmate must exhaust all administrative remedies

prior to bringing any suits challenging prison conditions, including federal civil rights cases. Porter v. Nussle, 534 U.S. 516, 524 (2002); see also Woodford v. Ngo, 548 U.S. 81, 83 (2006).  This exhaustion requirement applies to all prison condition claims.  Porter, 534 U.S. at 532.  "[A]ny deprivation that does not affect the fact or duration of a prisoner's overall confinement is necessarily a condition of that confinement."  Jenkins v. Haubert, 179 F.3d 19, 28 (2d Cir. 1999). The exhaustion requirement also applies even if the administrative grievance process does not provide for all the relief requested by the inmate.  Nussle, 534 U.S. at 524.  Exhaustion must be proper, meaning that all agency requirements are timely complied with, as "untimely or otherwise procedurally defective attempts to secure administrative remedies do not satisfy the PLRA's exhaustion requirement."  Ruggiero v. County of Orange, 467 F.3d 170, 176 (2d Cir. 2006) (citing Woodford, 548 U.S. at 2382, 2385).

   While the Supreme Court has deemed exhaustion mandatory, the Second Circuit has recognized that "certain caveats apply."  Ruggiero, 467 F.3d at 175 (citing Giano v. Goord, 380 F.3d 670, 677 (2d Cir. 2004)).

> A plaintiff's failure to exhaust administrative remedies may be excused if: (1) administrative remedies were not actually available; (2) defendants have forfeited their affirmative defense of non-exhaustion or are estopped from raising such a defense because of their own actions; or (3) special circumstances exist, such as a reasonable misinterpretation of [DOCCS] regulations.

Torres v. Carry, 672 F. Supp. 2d 338, 344 (S.D.N.Y. 2009) (citations omitted).

   Exhaustion for an inmate in DOCCS custody is generally achieved through the IGP. See N.Y. Comp. Codes R. & Regs. tit. 7, § 701.1 et seq..  Included within the IGP's exhaustion requirement is the prerequisite that the inmate file an appeal with CORC and

5

receive a response from CORC prior to filing a federal lawsuit.  Torres, 672 F. Supp. 2d at 344; see also N.Y. Comp. Codes R. & Regs. tit. 7 § 701.5(d)(2)(ii) ("The CORC shall review each appeal, render a decision on the grievance, and transmit its decision . . . within 30 calendar days"); Collins v. Goord, 438 F. Supp. 2d 399, 408 (S.D.N.Y. 2006) ("[I]n order to exhaust remedies, an inmate in a New York State correctional facility must pursue fully his complaint through DOC[C]S's three-step . . . IGP . . . ."); Reyes v. Punzal, 206 F. Supp. 2d 431, 432 (W.D.N.Y. 2002) ("Only upon exhaustion of these three levels of review [provided by the IGP] may a prisoner seek relief pursuant to § 1983 in federal court.") (citations omitted).

In this case, Santiago has never appealed any of the denials of his grievances to, or received denials from, CORC.  Thus he has not properly completed the exhaustion requirement.  Moreover, there are no facts alleged which alleviate this failure since Santiago has not proffered that these remedies were unavailable to him or that special circumstances existed excusing him from exhausting such remedies.

Accordingly, Holden's motion should be granted on this ground.

### C. Eleventh Amendment

Santiago does not specify in which capacities he is suing Holden.  The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.  "[D]espite the limited terms of the Eleventh Amendment, a federal court [cannot] entertain a suit brought by a citizen against his [or her] own State."  Pennhurst

6

State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98 (1984) (citing Hans v. Louisiana, 134 U.S. 1, 21 (1890)). Regardless of the nature of the relief sought, in the absence of the State's consent or waiver of immunity, a suit against the State or one of its agencies or departments is proscribed by the Eleventh Amendment. Halderman, 465 U.S. at 100. Section 1983 claims do not abrogate the Eleventh Amendment immunity of the states. See Quern v. Jordan, 440 U.S. 332, 340-41 (1979).

A suit against a state official in his or her official capacity is a suit against the entity that employs the official. Farid v. Smith, 850 F.2d 917, 921 (2d Cir. 1988) (citing Edelman v. Jordan, 415 U.S. 651, 663 (1974)). "Thus, while an award of damages against an official in his personal capacity can be executed only against the official's personal assets, a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself," rendering the latter suit for money damages barred even though asserted against the individual officer. Kentucky v. Graham, 473 U.S. 159, 166 (1985). Here, Santiago seeks monetary damages against defendant in his official capacities for acts occurring within the scope of his duties with DOCS. Thus, the Eleventh Amendment bar applies and serves to prohibit Santiago's claim for monetary damages against the defendant in his official capacities.

Accordingly, it is recommended that Holden's motion be granted on this ground and that judgment be granted to Holden as to Santiago's claims against him in his official capacity.

### D. Failure to State a Claim

An action commenced pursuant to 42 U.S.C. § 1983 requires proof of the "deprivation of any right[], privilege[], or immunit[y] secured by the Constitution" or laws of the United

Statesfederal government.  42 U.S.C. § 1983.  Thus, no action lies under § 1983 unless a plaintiff has asserted the violation of a federal right.  See Middlesex County Sewerage Auth. v. Nat'l Sea Clammers Ass'n, 453 U.S. 1, 19 (1981).  Moreover, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusion [thus t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

**1. Retaliation**

Santiago contends that after filing a grievance, a false misbehavior report was issued against him in retaliation for his actions.  To state an actionable claim for retaliation, a plaintiff must first allege that the plaintiff's conduct was constitutionally protected and that this protected conduct was a substantial factor that caused the adverse action against plaintiff.  Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996).  "Types of circumstantial evidence that can show a causal connection between the protected conduct and the alleged retaliation include temporal proximity, prior good discipline, finding of not guilty at the disciplinary hearing, and statements by defendants as to their motives." Barclay v. New York, 477 F. Supp. 2d 546, 588 (N.D.N.Y. 2007) (citations omitted).

> There is no bright line to define the outer limits beyond which a temporal relationship is too attenuated to establish a causal relationship, so courts judge the permissible inferences that can be drawn from temporal proximity in the context of particular cases. However, courts have found that six and eight month gaps between the protected conduct and adverse action were sufficient, while in other circumstances three months was considered too long.

8

Burton v. Lynch, 664 F. Supp. 2d 349, 367 (S.D.N.Y. 2009) (internal quotation marks and citations omitted). Courts must view retaliation claims with care and skepticism to avoid judicial intrusion into matters of prison administration. Jackson v. Onondaga County, 549 F. Supp. 2d 204, 214-15 (N.D.N.Y. 2008). Conclusory allegations alone are insufficient. Id. at 214 (citing Flaherty v. Coughlin, 713 F.2d 10, 13 (2d Cir. 1983) (explaining that "claim[s] supported by specific and detailed factual allegations . . . ought usually be pursued with full discovery.")).

In this case, Santiago has not alleged facts sufficient to support a retaliation claim. There is no question that Santiago's conduct in filing grievances and appeals was conduct protected by the First Amendment. However, Santiago has only stated in conclusory terms that the misbehavior report was false. Such assertions are insufficient. Jackson, 549 F. Supp. 2d at 214. Moreover, no evidence was offered and Santiago relies solely on his suppositions to establish this element. Such unsupported assertions are insufficient to defeat a motion for summary judgment. See Jorgensen v. Epic/Sony Records, 351 F.3d 46, 56 n.8 (2d Cir. 2003) ("[S]upposition . . . is too tentative to qualify as evidence . . . ."); Fed. R. Civ.. P. 56(e) ("Supporting affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence , and shall show affirmatively that the affiant is competent to testify to the matters stated therein.").

Accordingly, in the alternative, Holden's motion as to this claim should be granted on the merits.

### 2. False Misbehavior Reports

An inmate enjoys the right not to be deprived of his liberty without due process.

However, a "prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest." Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986)).  "There must be more, such as retaliation against the prisoner for exercising a constitutional right." Boddie v. Schnieder, 105 F.3d 857, 862 (2d Cir. 1997) (citing Franco v. Kelly, 854 F.2d 584, 588-90 (2d Cir. 1988)).   As discussed supra, Santiago has failed to allege facts sufficient to state a plausible retaliation claim.  Accordingly, his false misbehavior report claims must also fail.  Thus, in the alternative, Holden's motion on this ground should be granted as to this claim.

### 3. Freedom to Exercise Religion

"Prisoners have long been understood to retain some measure of the constitutional protection afforded by the First Amendment's Free Exercise Clause." Ford v. McGinnis, 352 F.3d 582, 588 (2d Cir. 2003) (citing Pell v. Procunier, 417 U.S. 817, 822 (1974)).  However, Santiago fails to establish what specific misconduct defendant engaged in which infringed upon his right to free exercise of his religion.  Making conclusory allegations about defendant's alleged interference with Santiago's constitutional rights is insufficient to establish a constitutional claim.  See e.g. Colon v. Zydell, 635 F. Supp. 2d 264, 266 (W.D.N.Y. 2009) (dismissing case where inmate "alleges, in conclusory fashion, that the defendants generally failed to remedy the alleged [First Amendment] constitutional deprivation . . . .").  Accordingly, in the alternative, Holden's motion on this ground should be granted as to this claim.

**E. Qualified Immunity**

Defendant also contends that he is entitled to qualified immunity. Qualified immunity generally protects governmental officials from civil liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Aiken v. Nixon, 236 F. Supp. 2d 211, 229-30 (N.D.N.Y. 2002) (McAvoy, J.), aff'd, 80 Fed.Appx. 146 (2d Cir. Nov. 10, 2003). However, even if the constitutional privileges "are so clearly defined that a reasonable public official would know that his actions might violate those rights . . . immunity might still be available as a bar to . . . suit if it was objectively reasonable for the public official to believe that his acts did not violate those rights." Kaminsky v. Rosenblum, 929 F.2d 922, 925 (2d Cir.1991) (citations omitted).

A court must first determine whether, if plaintiff's allegations are accepted as true, there would be a constitutional violation. Saucier v. Katz, 533 U.S. 194, 201 (2001). Only if there is a constitutional violation does a court proceed to determine whether the constitutional rights, of which a reasonable person would have known, were clearly established at the time of the alleged violation. Aiken, 236 F. Supp. 2d at 230. Here, the second prong of the inquiry need not be reached because, as discussed supra, accepting all of Santiago's allegations as true, he has not shown that Holden violated his constitutional rights. Accordingly, it is recommended in the alternative that Holden's motion on this ground be granted.

### III. Motion to Amend Complaint

Santiago filed a motion to amend his complaint after Holden filed his motion for summary judgment. Dkt. No. 14. The proposed amended complaint was substantially the same as the original, asserting identical causes of action and no additional facts.

Fed. R. Civ. P. 15(a) provides that a court should grant leave to amend "freely ... when justice so requires." When exercising its discretion, a court must examine whether there has been undue delay, bad faith, or dilatory motive on the part of the moving party. Evans v. Syracuse City Sch. Dist., 704 F.2d 44, 46 (2d Cir. 1983) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). A court must also examine whether there will be prejudice to the opposing party. See, e.g., Ansam Associates Inc. v. Cola Petroleum, Ltd., 760 F.2d 442, 446 (2d Cir.1985) (permitting proposed amendment would be especially prejudicial once discovery has been completed and a summary judgment motion filed). Finally, where it appears that granting leave to amend is unlikely to be productive or the amendment is futile, it is not an abuse of discretion to deny leave to amend. Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993)(citations omitted).

Santiago's amended complaint is substantially the same as his original complaint. Thus the amended complaint will serve no useful purpose for Santiago, the Court, or Holden and its filing would be futile. Accordingly, the motion to amend is denied.

### IV. Conclusion

For the reasons stated above, it is hereby:

1. **RECOMMENDED** that Holden's motion for summary judgment (Dkt. No. 9) be

**GRANTED** and that judgment be entered for Holden as to all claims; and

   2. **ORDERED** that Santiago's motion to amend (Dkt. No. 14) be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated:  November 29, 2011
        Albany, New York

_David R. Homer_
United States Magistrate Judge