UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JEREMY SANTIAGO,
                        Plaintiff,
                                                        9:11-CV-0567
v.                                                           (GTS/DRH)

K. HOLDEN,
                        Defendant.
_____

APPEARANCES:                                                 OF COUNSEL:

JEREMY SANTIAGO, 10-A-5690
   Plaintiff, *Pro Se*
Clinton Correctional Facility
P.O. Box 2002
Dannemora, New York 12929

HON. ERIC T. SCHNEIDERMAN                KRISTA A. ROCK, ESQ.
Attorney General of the State of New York     Assistant Attorney General
   *Counsel for Defendants*
The Capitol
Albany, New York 12224

HON. GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

      Currently before the Court, in this *pro se* prisoner civil rights action filed by Jeremy Santiago ("Plaintiff") against K. Holden ("Defendant"), are (1) Defendant's motion to dismiss for failure to state a claim and/or for summary judgment, and (2) United States Magistrate Judge David R. Homer's Report-Recommendation recommending that Defendant's motion be granted and that Plaintiff's action be dismissed. (Dkt. Nos. 9, 15.) For the reasons set forth below, Magistrate Judge Homer's Report-Recommendation is accepted and adopted in its entirety; Defendant's motion is granted; and Plaintiff's action is dismissed in its entirety with prejudice.

I.      **RELEVANT BACKGROUND**

Construed with the utmost of liberality, Plaintiff's Complaint alleges that, while he was incarcerated at Great Meadow Correctional Facility ("Great Meadow C.F.") in Comstock, New York, Defendant violated his rights under the First, Eighth and Fourteenth Amendments of the United States Constitution by denying him the right to practice his religion, subjecting him to cruel and unusual punishment, and retaliating against him for filing a grievance. (*See generally* Dkt. No. 1, at IV.)  Familiarity with the factual allegations supporting these claims are assumed in this Decision and Order, which is intended primarily for review by the parties. (*Id.* at IV.)

On August 9, 2011, Defendant filed a motion to dismiss for failure to state a claim and/or for summary judgment for the following reasons: (1) Plaintiff has failed to exhaust his administrative remedies before filing this action; (2) Plaintiff has failed to state either a retaliation or religious discrimination claim; and (3) Defendant is entitled to both Eleventh Amendment and qualified immunity. (Dkt. No. 9, Points I-V.)[1]

On August 17, 2011, Plaintiff filed his response in opposition to Defendant's motion. (Dkt. No. 12.)  On September 14, 2011, the Court received from Plaintiff an Amended Complaint. (Dkt. No. 14.)  The Amended Complaint was substantially the same as Plaintiff's original Complaint, asserting identical causes of action and no additional factual allegations. (*Compare* Dkt. No. 1 *with* Dkt. No. 14.)

---

[1] Although Defendant's motion was labeled a "motion for summary judgment," it was predicted not just on Fed. R. Civ. P. 56 but also–indeed mostly–on Fed. R. Civ. P. 12(b)(6). (*See, e.g.,* Dkt. No. 9, Attach. 4, at 3, 8-13 [arguing that Plaintiff's Complaint fails to state a claim upon which relief can be granted].)

On November 29, 2011, Magistrate Judge Homer issued an Order and Report-Recommendation rejecting Plaintiff's Amended Complaint as futile and recommending that Defendant's motion be granted. (Dkt. No. 15.)   Familiarity with the grounds of Magistrate Judge Homer's Report-Recommendation is assumed in this Decision and Order, which is intended primarily for the review of the parties. (*Id*.)  Plaintiff has not filed an Objection to Magistrate Judge Homer's Report-Recommendation, and the deadline by which to do so has expired. (*See generally* Docket Sheet.)

## II.   APPLICABLE LEGAL STANDARDS

### A.   Standard of Review

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).  To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings,  recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[2]  When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1).  However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the

---

[2]   *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

first instance.³

    When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.⁴ Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.⁵ Finally, when *no* objection is made to a portion of a report-recommendation, the Court

---

     ³    *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

     ⁴    *See also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).

     ⁵    *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

4

subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id*.[6]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

**III.   ANALYSIS**

Because Plaintiff has not filed an Objection to Magistrate Judge Homer's Report-Recommendation and the time in which to do so has expired, the Court need review the Report-Recommendation for only clear error, pursuant to the standard of review recited above in Part II.A of this Decision and Order. After doing so, the Court concludes that Magistrate Judge Homer's thorough Report-Recommendation is not clearly erroneous. (Dkt. No. 15 [Report-Recommendation].) Magistrate Judge Homer employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (*Id*.) As a result, the Court adopts the Report-Recommendation in its entirety for the reasons stated therein. The Court would add only three points.

First, Magistrate Judge Homer's Report-Recommendation would survive even a *de novo* review.[7]

---

[6] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

[7] The Court notes that, pursuant to the "prison mailbox rule," the date of filing of Plaintiff's Amended Complaint was the date on which it was signed, which was September 1,

Second, even if the Court were not to dismiss Plaintiff's action pursuant to Magistrate Judge Homer's Report-Recommendation, it would dismiss Plaintiff's action as a sanction for making two sworn material misrepresentations to the Court. The first such misrepresentation occurred in Plaintiff's original Complaint when he stated that had not "begun other lawsuits in state or federal court . . . relating to [his] imprisonment" as of April 16, 2011. (Dkt. No. 1, at ¶ I.A.) The second such misrepresentation occurred in his Amended Complaint when he stated that he had never "filed any other lawsuits in any state and federal court relating to [his] imprisonment" as of September 1, 2011. (Dkt. No. 14, at ¶ 5.a.)

Because both representations were made on a verified form complaints (*see* Dkt. No. 1, at 5, and Dkt. No. 14, at 6), they had the force and effect of sworn representations made in affidavits.[8]

Moreover, both sworn representations were highly material, given the possibility of claim preclusion, issue preclusion, and the accumulation of three "strikes" (as described below) during the course of that ligation history.

---

2011. (Dkt. No. 14, at 6.) Pursuant to Fed. R. Civ. P. 15(a)(2), 6(d), and 5(b)(2)(C), Plaintiff had until September 2, 2011, to file an Amended Complaint as a matter of right, given that Defendant's motion was predicated not just on Fed. R. Civ. P. 56 but also–indeed mostly–on Fed. R. Civ. P. 12(b)(6). (*See, e.g.,* Dkt. No. 9, Attach. 4, at 3, 8-13 [arguing that Plaintiff's Complaint fails to state a claim upon which relief can be granted].) However, Magistrate Judge Homer was correct in rejecting that Amended Complaint as futile for the following two reasons: (1) he had the right, and in fact the duty, to *sua sponte* review the pleading sufficiency of that Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b), and Fed. R. Civ. P. 12(h)(3); and (2) the Amended Complaint was substantially the same as Plaintiff's original Complaint, asserting identical causes of action and no additional factual allegations (*compare* Dkt. No. 1 *with* Dkt. No. 14).

[8] Generally, a verified complaint filed by a plaintiff has the force and effect of an affidavit. *See Patterson v. Cnty. of Oneida*, 375 F.3d 206, 219 (2d. Cir.2004) ("[A] verified pleading ... has the effect of an affidavit and may be relied upon to oppose summary judgment."); *Fitzgerald v. Henderson*, 251 F.3d 345, 361 (2d Cir.2001) (holding that plaintiff "was entitled to rely on [his verified amended complaint] in opposing summary judgment"), cert. denied, 536 U.S. 922 (2002); *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir.1993) ("A verified complaint is to be treated as an affidavit for summary judgment purposes.") [citations omitted].

6

Furthermore, both sworn representations were blatantly false. In fact, by April 16, 2011, he had fled one other *pro se* prisoner civil rights complaint in this District; and by September 1, 2011, Plaintiff had filed two others *pro se* prisoner civil rights complaints in this District. The first such action was filed on October 26, 2006,[9] and the second such action was filed June 7, 2011 (and was against the very Defendant in this action).[10] Moreover, it is clear from the Federal Judiciary's Public Access to Court Electronic Records ("PACER") Service that, before he filed his original Complaint in this action, Plaintiff had filed at least one *pro se* prisoner civil rights case in the Southern District of New York.[11]

District Judges from this Court have indicated a willingness to sanction *pro se* litigants for making such sworn material misrepresentations to the Court.[12]

Third, even if the Court were not to dismiss Plaintiff's action as a sanction for making a sworn material misrepresentation to the Court, at the very least it would direct Plaintiff to show cause as to why his *in forma pauperis* status should not be revoked as having been improvidently granted (and thus this action dismissed) under 28 U.S.C. § 1915(g) due to his acquisition of at

---

[9] *See Santiago v. C.O. Herb*, 06-CV-1304, Complaint (N.D.N.Y. filed October 26, 2006).

[10] *See Santiago v. K. Holden*, 11-CV-0629, Complaint (N.D.N.Y. filed June 7, 2011).

[11] *See Santiago v. C.O. A. Scott*, 01-CV-8282, Complaint (S.D.N.Y. filed Sept. 5, 2001). The Court says "at least" one case, because it appears from PACER that Plaintiff filed five other such cases, when he was incarcerated in the New York City Department of Correction.

[12] *See, e.g., Standley v. Dennison*, 05-CV-1033, 2007 WL 2406909, at *13-14 (N.D.N.Y. Aug. 21, 2007) (Sharpe, J., adopting, on *de novo* review, Report-Recommendation premised on alternative ground that the plaintiff should be sanctioned for making a material misrepresentation to the Court in his complaint); *Muniz v. Goord*, 04-CV-0479, 2007 WL 2027912, at *6 & n. 32 (N.D.N.Y. July 11, 2007) (McAvoy, J., adopting, on plain-error review, Report-Recommendation premised on alternative ground that the plaintiff should be sanctioned for making a material misrepresentation to the Court in his complaint) [collecting cases]. Certainly, other federal courts have so sanctioned *pro se* litigants. *Chavis v. Ryan*, 05-CV-0100, 2008 WL 4934605, at *8, n.8 (N.D.N.Y. Nov. 18, 2008) [citing cases].

least three "strikes" before he filed this action (on April 16, 2011), and his failure to alleged facts plausibly suggesting that he was under imminent danger of serious physical injury when he filed this action.[13] The Court notes that, in another of Plaintiff's actions, it directed him to show that he was not the plaintiff in the three cases cited in note 12 of this Decision and Order (who was assigned New York City Department of Correction "Book and Case" Number 349-08-14330 in between, at least, approximately February of 2009 and April 2010, at the George R. Vierno Center in East Elmhurst, New York). *See Santiago v. K. Holden*, 11-CV-0629, Memorandum-Decision and Order, at 2-5, 15 (N.D.N.Y. filed Jan. 10, 2012) (Suddaby, J.). As of the date of this Decision and Order, Plaintiff has not responded to that Order to Show Cause.

Finally, Plaintiff is cautioned that, should his unmerited filings in this District continue,[14] he will be directed to show cause as to why this Court should not issue an Order barring him from filing any future *pro se* actions without first obtaining leave of the Court, pursuant to 28 U.S.C. § 1651(a) and the Court's inherent authority to control and manage its own docket so as to prevent abuse in its proceedings.

---

[13] *See Santiago v. C.O. Rentazur*, 09-CV-1639, Order of Dismissal (S.D.N.Y. filed Apr. 14, 2009) (Preska, C.J.) (*sua sponte* dismissing Plaintiff's *pro se* prisoner civil rights action, filed *in forma pauperis*, for failure to state claim pursuant to 28 U.S.C. § 1915[e][2][B][ii]); *Santiago v. Rikers Island G.R.V.C.*, 09-CV-1640, Order of Dismissal (S.D.N.Y. filed Apr. 16, 2009) (Preska, C.J.) (*sua sponte* dismissing Plaintiff's *pro se* prisoner civil rights action, filed *in forma pauperis*, for failure to state claim pursuant to 28 U.S.C. § 1915[e][2][B][ii]); *Santiago v. Dept. of Corr.*, 09-CV-4230, Judgment (S.D.N.Y. filed July 27, 2009) (Preska, C.J.) (*sua sponte* dismissing Plaintiff's *pro se* prisoner civil rights action, filed *in forma pauperis*, for failure to state claim pursuant to 28 U.S.C. § 1915[e][2][B][ii] in accordance with prior Order of Apr. 30, 2009).

[14] The Court notes that, since the filing of this action, Plaintiff has filed three other *pro se* prisoner civil rights action in this District alone. *See Santiago v. K. Holden*, 11-CV-0629, Complaint (N.D.N.Y. filed June 7, 2011); *Santiago v. Fischer*, 12-CV-0088, Complaint (N.D.N.Y. filed Jan. 18, 2012); *Santiago v. Lypka*, 12-CV-0096, Complaint (N.D.N.Y. filed Jan. 20, 2012).

ACCORDINGLY, it is

ORDERED that Magistrate Judge Homer's Report-Recommendation (Dkt. No. 15) is ACCEPTED and ADOPTED in its entirety; and it is further

ORDERED that Defendant's motion to dismiss for failure to state a claim and/or summary judgment (Dkt. No. 9) is GRANTED, and Plaintiff's action is DISMISSED in its entirety with prejudice.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Decision and Order would not be taken in good faith.

Dated: February 28, 2012
       Syracuse, New York

*[signature]*

Hon. Glenn T. Suddaby
U.S. District Judge

9